**PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**FILED**

| 𝔘nited 𝔖tates 𝔇istrict 𝔊ourt | District | |
|---|---|---|
| Name MARCELLUS WILLIAMS | Prisoner No. 163729 | JUL 16 2004 |
| Place of Confinement | POTOSI CORRECTIONAL CENTER | U.S. DISTRICT COURT EASTERN DISTRICT OF MO |

**4: 04CV00888RWS**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| MARCELLUS WILLIAMS | V. DON ROPER |

The Attorney General of the State of: JERIMIAH NIXON

### PETITION

1. Name and location of court which entered the judgment of conviction under attack Circuit Court of St.Louis City; Division 19

2. Date of judgment of conviction _____ January 28,2000

3. Length of sentence _____ Twenty (20) years

4. Nature of offense involved (all counts) _____ Robbery 1st; Armed Criminal Action; Unlawful Use of a Weapon.

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

   N/A

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☒

7. Did you testify at the trial?
   Yes ☒      No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒      No ☐

9. If you did appeal, answer the following:

    (a) Name of court     Missouri Court of Appeals-Eastern District

    (b) Result     Appeal Denied

    (c) Date of result and citation, if known     May 9, 2001

    (d) Grounds raised     Trial Court Erred in finding appellant to be a persistent offender; Trial Court Erred for overruling motion for judgment of acquittal.

    (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

        (1) Name of court     Missouri Court of Appeals-Eastern District

        (2) Result     Motion for Rehearing &/or/ Transfer to MO Supreme Court Denied.

        (3) Date of result and citation, if known     March 19, 2001

        (4) Grounds raised     MANDATE ISSUED MAY 9, 2001

    (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

        (1) Name of court     N/A

        (2) Result     "

        "

        "

        (3) Date of result and citation, if known     N/A

        (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☒     No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court     Circuit Court of St. Louis City

        (2) Nature of proceeding     29.15 Post-Conviction Proceeding

        (3) Grounds raised     Denial of due process & Fair sentencing; Three(3) instances of ineffective assistance of counsel (Counsel failed to keep open communication;

Counsel failed to conduct any factual or legal investigations; Counsel failed to contest the State's psyche-report

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No ☒

(5) Result _____ Denied _____

(6) Date of result _____ June 5, 2002 _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____ Missouri Court of Appeals-Eatern District _____

(2) Nature of proceeding _____ 29.15 postconviction proceeding (Appeal) _____

(3) Grounds raised _____ Motion Court Failed to issue findings of fact & conclusions of law on all issues/claims presented in Movant's pro se 29.15 postconviction motion.

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐          No ☒

(5) Result _____ Denied _____

(6) Date of result _____ May 1, 2003 _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☒          No☐ Denied, Rule 91 State Habeas Corpus.
(2) Second petition, etc.          Yes ☐          No☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

N/A
"

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
    Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self–incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A. Ground one: _____ *SEE ATTACHMENT* _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

*SEE ATTACHMENT*

_____

_____

_____

_____

_____

B. Ground two: _____ *SEE ATTACHMENT* _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

*SEE ATTACHMENT*

_____

_____

_____

_____

_____

AO 241 (Rev. 5/85)

C.    Ground three: _____ *SEE ATTACHMENT* _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____
*SEE ATTACHMENT*
_____

_____

_____

_____

_____

_____

D.    Ground four: _____ *SEE ATTACHMENT* _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

*SEE ATTACHMENT*
_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____
N/A
_____ " _____

" 

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐          No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:
NOONE
(a)    At preliminary hearing _____

_____

(b)    At arraignment and plea _____ Lois Drossman _____

_____

<u>Ground one:</u> <u>DENIAL</u> <u>OF</u> <u>DUE</u> <u>PROCESS</u>

**Facts:** The motion court denied petitioner his right to due process during the postconviction relief stage (29.15) when it failed to issue findings of fact and conclusions of law on all claims presented before it in petitioner's pro se 29.15 motion. Whereas, the Missouri Supreme Court rule 29.15 (j) requires the motion court to issue findings of fact and conclusions of law on all issues presented whether or not a hearing is held.

Petitioner on August 2,2001, filed his pro se motion under rule 29.15, thereafter counsel was appointed. Appointed counsel, Mary Choi filed a statement in lieu of filing an amended motion pursuant to rule 29.15 (e), and requested that the motion court rule on petitioner's pro se 29.15 claims/motion. Petitioner submitted within his pro se motion three (3) instances of trial counsel's ineffectiveness and deficient performance. All three (3) instances of trial counsel's ineffectiveness was presented as subsections under claim B, of said pro se motion. On June 5,2002 the motion court, Joan Moriarty filed conclusions of law and order in which only two (2) claims presented in petitioner's pcr-motion was addressed. To wit: (1) Trial counsel was ineffective for failing to investigate or present the issue of movant's competency prior to, or during trial; and (2) Denial of due process and fair sentencing. However, the motion court conclusions of law and order as it pertained to petitioner's ineffective assistance of counsel claims only refers to the ineffective assistance of trial counsel claim presented under subsection 3, of claim B. Petitioner's claims

(6a.)

of trial counsel's ineffectiveness and deficient performance under subsections 1, and 2 of claim B, are not mentioned/addressed in the motion court's conclusions of law and order which would have created a proper and adequate record for appellate review if the motion court would have addressed said claims. However, the motion court failed to issue findings of fact and conclusions of law on all issues presented by petitioner, thus denying him of his right to an adequate appellate review process and due process of law. The motion court failure to follow the dictates of Missouri Supreme Court Rule 29.15 (j), which creates a protected liberty interest, and procedural due process protections is a violation of petitioner's Constitutional right to due process and his right to summon the forces of redress and appeal that are erected under the State of Missouri as law, and embodied in the frame work of the document that holds this Country together. Petitioner is suffering an unlawful restraint on his liberty by the motion courts disregard to the governing Missouri Court Rule (29.15 (j)), that has beed erected as an guide to afford petitioner his existing rights under the law during the postconviction stage.

(6b.)

**Ground two:** <u>DENIAL OF APPELLATE REVIEW & DENIAL OF DUE PROCESS</u>

**Facts:** On the date of May 1, 2003, the Missouri Court of Appeals-Eastern District issued its mandate denying petitioner's pro se appeal brief, appealing the motion court denial of petitioner's 29.15 pcr-motion. However, the Missouri Court of Appeals-Eastern District did not have an adequate record of the postconviction proceedings to deny petitioner's pro se appeal brief. Petitioner understands that the Appellate Court's standard of review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. **Moss v. State**, 10 S.W.3d 508, 511 (Mo.banc 200). In addition, petitioner knows that the motion court's rulings are presumed correct and will be found clearly erroneous only if, upon a review of the **entire record**, the Appellate Court is left with a definite and firm impression that a mistake has been made. Id (emphasis added). Rule 29.15 (j) provides in part, that **"the court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held."** Although the motion court is not required to issue itemized findings and conclusions, the findings and conclusions must be sufficient to permit appellate review. The Missouri Court of Appeals can not supply findings of fact and conclusions of law by implication from the motion court's ruling. Petitioner contends that the Appellate Court inappropriately engaged in a de novo review of the record without petitioner claims first being purely issues of law. Moreover, petitioner was denied proper and adequate review by the Missouri

(6c.)

Court of Appeals, and same has went against the dictates of 29.15 (j), and even its own dictates under **White v. State,** 57 S.W.3d 341 (Mo.App.E.D.2001); **Crews v. State,** 7 S.W.3d 563, 567 (Mo.App.E.D.1999); **Barry v. State,** 850 S.W.2d 348, 350 (Mo.banc 1993); and **Burton v. State,** 895 S.W.2d 648, 649 (Mo.App.W.D.1995). Thus, in light of the foregoing history of the Appellate Court mentioned herein, it is/was unreasonable for said Court to deny petitioner's 29.15 pro se appeal brief without first having an adequate record from the motion court to review. Furthermore, this denial is causing petitioner to suffer an unlawful restraint on his liberty and is denying petitioner his right to due process of law.

(6d.)

**Ground three: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

Facts: Petitioner asserts here that trial counsel Lois Drossman, was ineffective in her assistance to petitioner when she failed to keep an open-line of communication with petitioner. Whereas, trial counsel never replied to any of petitioner's letters that dealt with the charges, and the case in general; defenses & strategies; the State's psyche/evaluation report (& contesting same); copies of motions filed in petitioner's behalf; and just keeping petitioner abreast of the case in general as it progressed towards trial. During the fourteen (14) months that petitioner was confined at the Medium Security Institution MSI-St.Louis City) petitioner only saw trial counsel two (2) times, the first (1) time dealt with an initial face-to-face interview; and the second (2) time dealt with counsel informing petitioner about the State's plea offer of twenty five (25) years. Petitioner contends that trial counsel's lack of communication amounted to abandonment and to having no counsel at all. Counsel would have needed sufficient observation, and open communication with petitioner in order to come to factual & legal conclusions; as an aid in preparation for trial as well as developing and advocating petitioner's only defense; and put the State to its proofs. Furthermore, the Sixth Amendment of the United States Constitution secures communication between attorney and client. Without the crucial condition of conversation between client & attorney a Constitutional violation occurs.

(6e.)

**Ground four: INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL**

Facts: Trial counsel (Lois Drossman) failed to conduct any meaningful, and reasonable factual & legal investigations, with regards to petitioner's case. Petitioner understands that the standard for measuring attorney performance is "reasonableness under the professional norms." Strickland v. Washington, 466 U.S. 6𝑙𝑙, 104 S.Ct. at 2065. Counsel must conduct appropriate investigations, both factual & legal, to determine what matters of defense can be devloped... (T)he adversary system requires that "all available defenses are raised" so that the government is put to its proof. Trial attorney for petitioner failed to perform as well as a lawyer with ordinary training and skill in criminal law, any other attorney with ordinary training and skill in criminal law would have at the minimum taken steps to: (1) form a meaningful and close working relationship with petitioner; (2) interview petitioner, his mother & family carefully; (3) conduct a desposition of the State's witnesses; (4) independently investigate all the circumstances of the case; (5) file meaningful pre-trial motion; (6) communicate to petitioner all the evidence against him & possible defenses against such; (7) determine the relevant laws, and legal theories of establishing amnesia as a mental disease or defect barring trial. However, none of these steps were taken by trial counsel. In addition, trial counsel's failure to conduct any investigation at all regarding petitioner's only possible defense, but which also implicated petitioner's

(6f.)

sanity at the time of the crime is a violation of petitioner's right to due process of law and the right to effective counsel as embodied under the Sixth & Fourteenth Amendments to the United States Constitution. Because of trial counsel's failure to conduct any **factual and legal investigation(s)**, in petitioner's case petitioner is suffering an unlawful restraint on his liberty and has been effectively denied his right to due process of law.

**WHEREFORE,** Petitioner, Marcellus Williams, prays that this Honorable Court issue a show cause order to the above-mentioned respondent in an reasonable amount of days affixed by this Court, and order respondent to give reason why petitioner writ should not issue or be granted.

Respectfully requested,

(6g.)

(c) At trial _____ Lois Drossman _____

(d) At sentencing _____ Lois Drossman _____

(e) On appeal _____ Gwenda R.Robinson _____

(f) In any post—conviction proceeding Initially Mary Choi- Then I (petitioner) proceeded pro se.

(g) On appeal from any adverse ruling in a post—conviction proceeding Pro se.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?

Yes ☐          No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☒          No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

Circuit Court of St.Louis County

(b) Give date and length of the above sentence: ___ Death sentence, August 26,2001; Robbery 1st- May 25,2001

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☒          No ☐

The Appeal(s) are currently underway.......

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7\9\2004
(date)

_____
Signature of Petitioner

(7)