**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MARCELLUS S. WILLIAMS, SR.,  )
             )
  Petitioner,     )
             )
 v.         ) Case no. 4:04-CV-888 RWS/TIA
             )
DON ROPER, Superintendent,  )
             )
  Respondent.    )

## <u>AMENDED RESPONSE TO ORDER TO SHOW CAUSE</u>

Comes now respondent, by and through counsel, and prays tha tthis Court deny

the petition for writ of habeas corpus.

## I.  <u>Statement of Parties and Custody</u>

Petitioner Marcellus S. Williams, Sr., is currently imprisoned in the Potosi

Correctional Center (PCC) in Mineral Point, Missouri, pursuant to the sentence

and judgment of the Circuit Court of the City of St. Louis, Missouri.  Petitioner

was convicted of one count of robbery in the first degree, one count of armed

criminal action, and one count of unlawful use of a weapon, and was sentenced to

concurrent terms of twenty years, twenty years, and seven years, respectively, in

the custody of the Missouri Department of Corrections.  Respondent Don Roper,

PCC superintendent, is a proper party respondent.  28 U.S.C. §2254, Rule 2(a).

## II.  Index of Exhibits

1. Respondent's Exhibit A is a true and correct copy of the trial transcript.

2. Respondent's Exhibit B is a true and correct copy of the sentencing hearing transcript.

3. Respondent's Exhibit C is a true and correct copy of the direct appeal legal file.

4. Respondent's Exhibit D is a true and correct copy of petitioner's brief on direct appeal.

5. Respondent's Exhibit E is a true and correct copy of the State's brief on direct appeal.

6. Respondent's Exhibit F is a true and correct copy of the Missouri Court of Appeals' order and memorandum opinion denying petitioner's direct appeal.

7. Respondent's Exhibit G is a true and correct copy of the legal file in petitioner's post-conviction relief (PCR) proceeding.

8. Respondent's Exhibit H is a true and correct copy of petitioner's brief on PCR appeal.

9. Respondent's Exhibit I is a true and correct copy of the State's brief on PCR appeal.

10. Respondent's Exhibit J is a true and correct copy of the Missouri Court of Appeals' order summarily affirming the denial of post-conviction relief.

### III. Statement of Claims and Exhaustion

Petitioner makes two claims in his petition. These claims are as follows:

1. The State post-conviction motion court failed to issue proper findings of fact and conclusions of law in denying petitioner post-conviction relief under Missouri Supreme Court Rule 29.15(j).

2. The Missouri Court of Appeals' decision affirming the denial of post-conviction relief was improper because the State PCR motion court failed to issue proper findings of fact and conclusions of law in denying petitioner post-conviction relief under Missouri Supreme Court Rule 29.15(j).

3. Trial counsel was ineffective for failing to communicate with petitioner and effectively abandoned petitioner.

4. Trial counsel was ineffective for failing to fully investigate petitioner's case.

Respondent concedes that these claims are exhausted. Petitioner's first and second claims are not cognizable in federal habeas corpus, and petitioner's third and fourth claims are procedurally barred and thus meet the technical requirements

for exhaustion.  *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991).

### IV.  Petitioner's non-cognizable claims

Petitioner's first and second claims allege that the State courts erred by failing to comply with Missouri Supreme Court Rule 29.15(j) and issue sufficiently detailed findings of fact and conclusions of law.  Petitioner is complaining about the process hat she was afforded in his post-conviction proceeding in State court.  Eighth Circuit precedent is very clear that infirmities and due process claims in a State post-conviction process are not cognizable in a petition for federal habeas corpus relief because infirmities in State post-conviction proceedings do not challenge the constitutionality of the conviction or sentence.  As the Eighth Circuit has stated,

> Indeed, this Circuit has long recognized that truism, holding on several occasions that a §2254 court is not an appropriate forum for a prisoner who wishes to challenge the process afforded him in state post-conviction proceedings. As we noted in *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir.), *cert. denied*, 451 U.S. 990 (1981), "Infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction. . . . Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions  cognizable  in habeas corpus proceedings." *See also Williams-Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.) (holding that §2254 petitioner's claim that state post-conviction court's failure to make

4

findings on allegation that prosecution withheld discovery "is  collateral  to petitioner's conviction and detention, and is therefore not  cognizable in a 28 U.S.C. §2254 petition"), cert. denied, 495 U.S. 936 (1990); *Smith v. Lockhart*, 882 F.2d 331, 334 (8th Cir. 1989) (quoting *Williams* in holding challenges to failure to hold state post-conviction hearing and to lack of written findings were not  cognizable), *cert. denied*, 493 U.S. 1028 (1990).

*Kenley v. Bowersox*, 228 F.3d 934 (8th Cir. 2000), *cert. denied* 123 S.Ct. 306 (2002).  Thus, petitioner's challenge to the completeness of the State court post-conviction findings of fact and conclusions of law does not constitute a cognizable claim in federal habeas corpus.  Petitioner's first and second claims therefore should be dismissed.

### V.  Petitioner's Procedurally Barred Claims

Petitioner's claims 3 and 4 are procedurally barred.  Petitioner's third claim alleges that trial counsel was ineffective for failing to communicate with petitioner and effectively abandoned petitioner.  Petitioner's fourth claim alleges that trial counsel was ineffective for failing to fully investigate petitioner's case.  Claims of ineffective assistance of counsel are cognizable in a Rule 29.15 motion. Mo.S.Ct.R. 29.15(a); *see, for example, Clayton v. State*, 63 S.W.3d 201, 205-06 (Mo. banc 2001), *cert. denied* 122 S.Ct. 2341 (2002).  Although petitioner raised this claim in his *pro se* Rule 29.15 motion, Resp. Ex. G at 9-10, petitioner did not raise this claim on appeal from the denial of his Rule 29.15 motion, Resp. Ex. H at

5

7.  The sole argument that petitioner presented on appeals was that the State PCR motion court's findings were insufficient for judicial review under Missouri Supreme Court Rule 29.15(j).  Resp. Ex. H at 7.  Claims raised in a PCR motion and not advanced on appeal are procedurally defaulted.  *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997), *cert. denied* 523 U.S. 1010 (1998).  Petitioner therefore has procedurally defaulted on these claims.

Petitioner's default does not act as a complete bar to review if petitioner can show either cause for not presenting his claims in state court and prejudice resulting from constitutional error or, in the alternative, a fundamental miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Petitioner does not allege his probable actual innocence coupled with a constitutional claim, and therefore does not meet the second exception.  Petitioner likewise does not attempt to demonstrate cause or prejudice for his default of any of his claims.  Petitioner cannot show cause in this case because he had full knowledge of his claims and denial of these claims by the PCR motion court when he filed his PCR appeal.  Petitioner's default therefore acts as a total bar to federal review of his claims.

**CONCLUSION**

For these reasons, respondent prays that this Court deny the petition for writ of

habeas corpus without further judicial proceedings.

Respectfully submitted,

JEREMIAH W. (JAY) NIXON
Attorney General


/s/ Andrew W. Hassell
ANDREW W. HASSELL
Assistant Attorney General
Missouri Bar No. 53346

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 Fax
**andrew.hassell@ago.mo.gov**

Attorneys for Respondent

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and
correct copy of the  foregoing
was  mailed, postage prepaid,
this <u>15th</u> day of October, 2004,
to the following, who does not
participate in this Court's ECF system:

Mr. Marcellus S. Williams, Sr., Reg. No. 163729
Potosi Correctional Center
Route 2, Box 2222
Mineral Point, Missouri  63660

<u>/s/ Andrew W. Hassell</u>
ANDREW W. HASSELL
Assistant Attorney General

P. O. Box 899
Jefferson City, MO  65102
(573) 751-3321
(573) 751-3825 Fax
**andrew.hassell@ago.mo.gov**