UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCELLUS S. WILLIAMS, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04CV888 RWS |
| ) | (TIA) |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Petition of Marcellus S. Williams, Sr., for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## Procedural History

Petitioner Marcellus Williams is currently incarcerated at the Potosi Correctional Center located in Mineral Point, Missouri, pursuant to the judgment and sentence of the Circuit Court of the City of St. Louis, Missouri. On November 17, 1999, after a bench trial, a judge found Petitioner guilty of one count of Robbery in the First Degree, one count of Armed Criminal Action, and one count of Unlawful Use of a Weapon. (Resp. Exh. A, pp. 88-89) On January 28, 2000, the court sentenced Petitioner to 20 years imprisonment on the robbery count, to run concurrently with a 20 year sentence on the armed criminal action count and a 7 year sentence on the unlawful use of a weapon count. (Resp. Exh. B, pp. 7-8)

Thereafter, Petitioner filed a direct appeal. On February 6, 2001, the Missouri Court of Appeals affirmed the judgment of the trial court. (Resp. Exh. F) Petitioner also filed a motion to vacate under Missouri Supreme Court Rule 29.15 on August 2, 2001, and a statement in lieu of filing

an amended motion and request for the court to rule on issues raised in the pro se motion on December 21, 2001. (Resp. Exh. G, pp. 5-24) The motion court denied Petitioner's motion in its Conclusions of Law and Order filed June 5, 2002. (Resp. Exh. G, pp. 26-34) Petitioner then appealed the motion court's ruling, and on March 25, 2003, the Missouri Court of Appeals affirmed the denial of Rule 29.15 post-conviction relief. (Resp. Exh. J) On July 16, 2004, Petitioner filed the instant petition for habeas relief in federal court.

## Petitioner's Claims

In his Petition, Petitioner raises four claims for relief:

(1) Petitioner was denied due process when the post-conviction motion court failed to address all of Petitioner's claims in the findings of fact and conclusions of law;

(2) Petitioner was denied due process when the Missouri Court of Appeals affirmed the post-conviction motion court without an adequate record;

(3) Petitioner received ineffective assistance of trial counsel in that counsel failed to communicate with Petitioner throughout the proceedings; and

(4) Petitioner received ineffective assistance of trial counsel in that counsel failed to conduct any meaningful investigation into Petitioner's case.

## Claims One and Two

Petitioner claims that both the post-conviction motion court and the Missouri Court of Appeals denied him of his right to due process by failing to address all of Petitioner's claims and by affirming the denial of post-conviction relief without an adequate record, respectively. The Respondent asserts that these claims are non-cognizable in a petition for federal habeas relief because infirmities in State post-conviction proceedings do not challenge the constitutionality of a conviction or sentence. The undersigned agrees.

According to Eight Circuit Court of Appeals' precedent:

> Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction proceeding. *Mitchell v. Wyrick*, 727 F.2d 773, 774 (8th Cir.) (alleged denial of effective assistance of counsel at Rule 27.26 hearing is not cognizable under § 2254), *cert. denied*, 469 U.S. 823, 105 S. Ct. 100, 83 L. Ed. 2d 45 (1984). Because there is no federal constitutional requirement that states provide a means of post-conviction review of state convictions, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition. *Williams v. State of Missouri*, 640 F.2d 140, 143 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S. Ct. 2328, 68 L. Ed. 2d 849 (1981). Habeas relief is available to a state prisoner "only on the ground that he is *in custody* in violation of the constitution or laws of treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Appellant's claim that the Missouri post-conviction court failed to make findings . . . is collateral to the appellant's conviction and detention, and is therefore not cognizable in a 28 U.S.C. § 2254 petition.

Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990); see also Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994) ("conduct of the state post-conviction relief court cannot constitute independent grounds for federal habeas relief."). Thus, Petitioner's contention that the motion court denied him due process by failing to address all of the issues raised in the pro se Rule 29.15 motion is not cognizable in his federal petition.

Likewise, Petitioner's claim that the Missouri Court of Appeals denied him of his constitutional right to due process by addressing his claims without an adequate record also fails. As stated previously, "[Petitioner's] challenge to the adequacy of Missouri's post-conviction procedures 'does not raise a constitutional issue cognizable in a federal habeas petition.'" Wiles v. Jones, 960 F.2d 751, 754 (8th Cir. 1992) (quoting Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990)). Here, Petitioner asserts that in both post-conviction proceedings, the courts did not fairly or adequately address his claims. However, a failure to make certain findings in post-conviction

3

proceedings is collateral and not cognizable in a federal habeas petition. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990). Thus, claims one and two should be dismissed as non-cognizable in these proceedings.

**Claims Three and Four**

For his third and fourth claims, Petitioner asserts that he received ineffective assistance of counsel in that trial counsel failed to communicate with Petitioner and failed to investigate Petitioner's case. Respondent contends that Petitioner procedurally defaulted these claims by failing to present them in his post-conviction motion appeal.

The undersigned agrees with Respondent that Petitioner is procedurally barred from raising these claims in federal court. While Petitioner did raise both these claims in his pro se Rule 29.15 motion, he did not preserve them on appeal. (Resp. Exh. G, pp. 9-11) Instead, his sole point on appeal was that the motion court erred in failing to issue findings of fact and conclusions of law on those two claims of ineffective assistance of counsel. (Resp. Exh. H, p. 7) Failure to present claims to the Missouri Court of Appeals during a petitioner's direct appeal or in a post-conviction proceeding constitutes procedural default. Evans v. Leubbers, 371 F.3d 438, 445 (8th Cir. 2004). To avoid procedural default, a petitioner must have fairly presented the substance of the claim to the state courts in order to afford the courts a fair opportunity to apply controlling legal principles to the facts. Wemark v. Iowa, 322 F.3d 1018, 1020-1021 (8th Cir. 2003) (citations omitted). Petitioner must raise the same factual grounds and legal theories in the state courts as he raises in the federal courts. Id. at 1021 (citations omitted). Further, "[t]he federal legal theory or theories must plainly appear on the face of the petitioner's state-court briefs." Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994).

4

A federal court lacks the authority to reach the merits of procedurally defaulted claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials made compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted). The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely successful because this type of evidence is usually unavailable. Id.

The record demonstrates that Petitioner did not raise the ineffective assistance of counsel claims in his Rule 29.15 appeal. Instead, he argued that "the motion court erred . . . for failing to issue findings of fact and conclusions of law on . . . appellant's issues of ineffective assistance of trial counsel for (1) failing to keep an open line of communication with appellant; and (2) failing to conduct any factual and legal investigations with regards to appellant's case . . ." (Resp. Exh. H, p. 7) While Petitioner argues in his Traverse that he presented the same facts and theories to the Rule

29.15 motion court, the appellate court, and this federal court, the record belies this argument. In his pro se rule 29.15 motion, Petitioner claimed ineffective assistance of counsel. (Resp. Exh. G, pp. 8-10)  However, Petitioner presented a claim to the state court of appeals based on alleged deprivation of due process rights during the post-conviction proceedings under Rule 29.15(j). (Resp. Exh. H, p. 7). The claims presented in his federal habeas petition rest on an ineffective assistance of counsel theory.

Although the body of the appeal contains some argument pertaining to ineffective assistance of counsel, the federal legal theory does not plainly appear on the face of Petitioner's state-court briefs.  Jones v. Jerrison, 20 F.3d 849, 854 (8th Cir. 1994).  Thus, the Missouri Court of Appeals was not alerted to the federal nature of Petitioner's claims and did not have the fair opportunity to review the merits. Moore-El v. Luebbers, 446 F.3d 890, 897 (8th Cir. 2006); Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005).  Therefore, Petitioner has procedurally defaulted on his ineffective assistance of counsel for not fairly presenting them to the state courts.

In his Traverse, Petitioner does not assert cause and prejudice for his default, nor does he attempt to demonstrate actual innocence.  Schlup v. Delo, 513 U.S. 298, 314-15, 327 (1995). Therefore, this court is precluded from reaching the merits of Petitioner's claims of ineffective assistance of counsel, and claims three and four should be dismissed as procedurally defaulted.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Marcellus S. Williams, Sr., for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to

6

this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to timely file objections may result in a waiver of the right to appeal questions of fact.  Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Terry I. Adelman<br>UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of July, 2007.